United States District Court
Southern District of Texas
**ENTERED**
February 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUTHRIE ABBOTT, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-00800 |
| | § | |
| THE TORONTO-DOMINION BANK, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER ON MOTION IN LIMINE</u>

Before the Court is OSIC's motion to exclude the expert testimony of Stephen Scott [DE 914] and TD Bank's response [DE 1030]. The Court determines that OSIC's motion should be granted.

The proffered testimony is that of Scott who at the time was a former member of the Royal Canadian Mounted Police ["Canadian Police"].  By his testimony TD Bank seeks to challenge/rebut the expert testimony, offered by OSIC, of Nicholas Choules-Burbridge, that a timely filing of an "suspicious transaction report" by officials at TD Bank with the Financial Transactions Reports and Analysis Centre of Canada regarding Stanford and his financial entities, could have led to an investigation of Stanford by the Royal Canadian Mounted Police."

OSIC's motion is also directed at Scott's testimony that there is, either no evidence or insufficient evidence, to support the view that the Canadian police or other law enforcement agencies in Canada would have undertaken a money laundering/fraud investigation had such a report been filed.

1 / 2

**III.**

Having reviewed the papers on file, the Court determines that Scott is not qualified to proffer the following opinions:

a) that a properly filed transaction report with the Canadian police would not contain sufficient details of fraud to trigger a money laundering/fraud investigation. Without a report, who could know. Speculation as to what the evidence was, at the time, does not require expert testimony and is improper. A jury is charged to determine whether the evidence was sufficient. *See* [Deposition testimony of Angelo Coppola on subject matter]; and,

b) Scott's testimony, particularly in the identified area, is unreliable. There is no evidence beyond personal opinion that Scott addressed the areas of his opinions utilizing known methodology or analysis is considering the available data. Moreover, there is no evidence that Scott took the available data or information in the marketplace and analyzed it in light of others like or similar financial disclosure statements by TD Bank.

It is, therefore, ORDERED that OSIC's motion *in limine* be and it is Hereby Granted.

SIGNED on February 23, 2023, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge